Regan, Appellant, *v.* Firemen's Relief and Pension Fund of the City of Pittsburgh.

Argued March 19, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David Rainero,* with him *Gatz, Cohen, O'Brien & Maurizi,* for appellant.

*David W. Craig,* City Solicitor, with him *Robert E. Dauer,* Assistant City Solicitor, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, April 20, 1965:

James Regan served in the United States Army from September 12, 1942 to October 31, 1945, when he was honorably discharged. On January 16, 1948, he became a fireman with the City of Pittsburgh and is still so employed. All firemen are entitled to retire on a pension after 20 years service which means that, computing from January, 1948, Regan could start receiving retirement benefits in January, 1968. However, he contends, and he filed in the court below, a petition for declaratory judgment to that effect that he may retire now and receive retirement benefits at once because he is entitled to add to his 17 years' fireman service the 3 years he was a soldier of the United States. He makes this claim under the Act of May 25, 1933, P. L. 1050, as amended, 53 P.S. §23611, which indeed does provide that military service in time of war may be added to a fireman's incumbency to make up the 20 years which entitles the fireman to a pension.

The lower court rejected Regan's claim. The pertinent part of the applicable statute reads: "Members of the fund shall be eligible to pension under said fund upon written application of such member, stating his desire to withdraw from *service in said city,* which application shall show either—(1) That such employe has rendered at least twenty years service to the said city, at least one year of which was immediately prior to his application, but which does not otherwise necessitate continuous service *but that such service shall total twenty years, and shall include and may include service in the armed forces of the United States in times of war* or active service in the Pennsylvania State Militia when said militia has been mobilized for internal police duty; or . . ." (Emphasis supplied.)

"Shall *include*" necessarily means *within.* The military service thus must come within the 20 years, which

can obviously only run from the time the fireman began his services as a fireman. "Include" cannot refer to service which occurred *before* the applicant for a pension became a fireman. As the city solicitor well put the proposition in his brief: "A straightforward reading of the statute shows that the military service credit is inextricably linked with an employment relationship to the city."

Before January 16, 1948, Regan had no employment relationship with the City. The Superior Court placed this proposition in crystalline focus when it said in *Hamilton v. Wilson,* 172 Pa. Superior Ct. 437: "The indispensable prerequisite for eligibility to retirement compensation is valid attachment to the public payroll for the qualifying period."

Thus, until Regan became attached to the payroll of the City of Pittsburgh he could not possibly be regarded as an applicant for a pension. In Corpus Juris Secundum (62 C.J.S., Municipal Corporations, §727f), we find this cogent language: "Under statutes making a specified number of years' service from the date of entering the pension fund a condition precedent to eligibility for pension and providing that, in computing the time required before becoming eligible to retire on pension, members of the fund shall have credit for time served in the armed forces, *time so spent before joining the fund should not be counted in computing the specified number of years.*" (Emphasis supplied.)

It is to be noted that the statute at the outset declares that "such employe" must have rendered 20 years service to the City and then goes on to state that such 20 years need not be continuous, and shall include military service. Thus, the military service was being considered only with respect to *continuity* of employment. Obviously the statute was emphasizing that continuity of employment shall not be regarded as broken by any time spent in the service of the armed forces of

the United States, and that, in addition, that *that* intra-city-service military service shall be computed as part of the 20-year pension period. Accordingly, military service rendered prior to city employment could under no circumstances come within the peripheral boundaries of chronologically continuing City service.

Counsel for applicant calls to our attention Regan's excellent military record and there can be no doubt that the nation owes a debt of gratitude to Regan and to all other members of the armed forces who risked their lives to keep America free. The nation in many ways has recognized these valiant services which cannot actually, in the nature of things, ever be wholly compensated for.

The Commonwealth of Pennsylvania has also shown its appreciation by providing for a ten-point civil service examination bonus and preference for original appointment, to war veterans. The Legislature may, if it wishes, provide that military service, no matter when performed, shall be regarded as municipal service in the computation of the time required to qualify for retirement. It has not, however, done so, and we cannot read into the statute what is not there.

It is argued in appellant's brief that the language of the present statute clearly states what he is contending for. It is the function of an advocate to read words as they best support his position, but a measured reading of the words cannot possibly develop the conclusion reached by the appellant. The statute, as a basis for pension benefits, declares that the employee shall have rendered 20 years service to the City and that *such* service (to the City) may include service in the armed forces of the United States.

The interpretation insisted on by the appellant could lead to bizarre results. If we were to hold that military service rendered prior to city employment is to be counted as city service it would have to be so computed

in every case where an employee becomes a City of Pittsburgh fireman after discharge from military service, regardless of how many jobs he may have held between the date of military discharge and the beginning of his employment in the Bureau of Fire in the City of Pittsburgh. In this case there was a three-year lapse of time from the date of Regan's discharge to his employment in the fire bureau. A delay of ten, or even fifteen years, entirely permissible under the interpretation stressed by the appellant, would render the administration of a pension fund grotesque. In addition, under the appellant's interpretation, a soldier could, in the computation of pension years, serve a longer time as a soldier than as a fireman and yet require the two services to be combined in the computation of fireman service. It is not necessary to dwell on the incongruity of awarding a fireman pension on a 20-year incumbency as a fireman, when he may have served only 2 or 3 years as a fireman.

There can be no question, as appellant's counsel ably argues, that Regan became a better fireman because he had been a soldier, but this goes to his qualifications and not to his pension rights.

An analysis of the Act of May 25, 1933, plus consideration of all the factors involved in the case before us leads to the inevitable conclusion that military service incurred during actual city employment status shall be computed as service applying to a fireman's pension status, but it cannot include military service incurred before the fireman entered upon his duties as a fireman.

Affirmed.