612 So.2d 1087 (1992)
CITY OF NATCHEZ, MISSISSIPPI and Public Employees Retirement System of Mississippi
v.
Robert K. SULLIVAN.
No. 90-CA-1265.
Supreme Court of Mississippi.
December 10, 1992.
Rehearing Denied February 11, 1993.
John L. Maxey, II, Mary Marvel Fyke, Maxey Pigott Wann & Begley, Michael C. Moore, Atty. Gen., Leonard McClellan, Sp. Asst., Atty. Gen., Jackson, for appellants.
James P. Streetman, III, Pyle Dreher Mills & Woods, John T. Wakeland, Pyle Dreher Mills & Woods, Jackson, for appellee.
EN BANC.
ROY NOBLE LEE, Chief Justice, for the Court:
On August 11, 1989, Robert K. Sullivan requested a hearing from the Public Employees' Retirement System (PERS) on the question of whether Sullivan met the requirements for retirement benefits from the Natchez Police Department. PERS requested an Attorney General's opinion on the issue, which was answered by an unofficial opinion dated August 17, 1989. It stated that an employee in Sullivan's position would be entitled to retirement benefits under the applicable statute. On August 30, 1989, Robert S. Reeves of PERS wrote the Attorney General and requested a formal opinion on the question. Reeves then wrote Sullivan's attorney on September 6, 1989, stating that he was awaiting the Attorney General's opinion and that he would abide by that opinion in making the decision concerning Sullivan's retirement benefits.
After no further action on his case was taken, on March 13, 1990, Sullivan filed his complaint in the Circuit Court of the First *1088 Judicial District of Hinds County. The complaint sought a declaratory judgment stating that Sullivan would be entitled to retirement benefits under Miss. Code Ann. § 21-29-139 (1974) upon his retirement from the Natchez Police Department. The answers filed by the Public Employees' Retirement System (PERS) and the City of Natchez on April 16, and April 19, 1990, respectively, denied that Sullivan was entitled to relief under the statute and asserted that Sullivan's complaint should be dismissed for failure to exhaust his administrative remedies. The case was submitted for decision on the pleadings and arguments of the parties and the lower court held that under Miss. Code Ann. § 21-29-139, Sullivan was entitled to retirement benefits. The City of Natchez has appealed to this Court.

FACTS
Robert K. Sullivan joined the Natchez Police Department on December 16, 1971, after a period of four years service in the United States Army. He served with the Natchez Police Department continually until the time of the lower court's opinion on November 8, 1990, attaining the rank of Lieutenant.
Miss. Code Ann. §§ 21-29-101 through XX-XX-XXX (1972) provide a system of disability and retirement benefits for firemen and police officers in cities with populations of over 10,000 persons, called the "disability and relief fund for firemen and policemen." The system is funded by municipal tax levies, insurance taxes, gifts and deductions from the firemen and policemen salaries. Miss. Code Ann. § 21-29-117 (1972). "Members" of the fund become entitled to receive their retirement benefits after serving in fire and/or police service for twenty years, the final ten of which must have been continuous with the city wherein the application for benefits is made. Miss. Code Ann. § 21-29-139 (Supp. 1974).
The source of this dispute is the final paragraph of that statute, which was added in 1974 as a local law pertaining only to the City of Natchez.
Provided, however, in any city having a population of nineteen thousand (19,000) but less than twenty thousand (20,000), according to the 1970 census, the periods of time not exceeding four (4) years within which a member of the fire or police departments served on active duty in the Armed Forces of the United States, shall not be excluded in computing the twenty (20) year period and the ten (10) year period mentioned in this section.
Id.
The City of Natchez contends that of 25 city employees which it has covered under this plan, seventeen would be eligible for pre-employment military credit if the lower court's interpretation of the statute is upheld. The city contends that the lower court's interpretation would create substantial hardships on the program and the city's taxpayers.
Each party presented an affidavit to the lower court in support of its position. The City of Natchez presented the affidavit of Walter Brown, a member of the House of Representatives when the amendment was passed and Natchez's City Attorney during at least part of this litigation. In his affidavit, Brown asserted that he authored the bill which became the amendment to Miss. Code Ann. § 21-29-139 (1972). His intent in offering the amendment was to provide the same coverage for officers in Natchez that officers in other cities had under a 1973 amendment to Miss. Code Ann. § 21-29-245 (1972), i.e., to allow a member of the fund to "not have excluded" (his emphasis) time served in the military. The legislature's intent was not, according to Brown, to allow pre-employment credit for military service, but only to allow credit served when an officer was taken away from his duty (i.e., drafted or enlisted).
Sullivan presented the affidavit of Troy Watkins of Natchez, who had served in the Senate during the 1974 session. He remembered that Brown introduced the amendment, but disagreed with Brown's statement of the purpose. He stated that the "reason for the amendment was that we had many service men in Natchez who had active duty in the Armed Forces during *1089 the Vietnam era. These men did not have the opportunity to go to work before they were inducted or enlisted in the Armed Forces. All of these men served honorably and we felt that it was not fair to limit their ability to count service time towards retirement because of the wording of an older statute."
The portion of the title of the 1974 Act pertaining to the amendment of § 21-29-139 (1972) provides: "to amend Section 21-29-139, Mississippi Code of 1972, to allow certain municipalities to allow service time in the armed services in computing the ten and twenty year period." 1974 Miss. Laws, Chapter 475.

ISSUES

I. DID THE LOWER COURT ERR WHEN IT CONSTRUED A STATUTE TO BE AMBIGUOUS WHICH WAS BY ITS PLAIN MEANING CLEAR AND UNAMBIGUOUS?

II. IF THE LOWER COURT WAS CORRECT IN ITS DETERMINATION THAT THE MISSISSIPPI STATUTE § 21-29-139 WAS AMBIGUOUS, WAS ITS CONSTRUCTION OF THAT STATUTE ERRONEOUS?
In considering a statute passed by the legislature, (Appendix A) the first question a court should decide is whether the statute is ambiguous. If it is not ambiguous, the court should simply apply the statute according to its plain meaning and should not use principles of statutory construction. Pinkton v. State, 481 So.2d 306 (Miss. 1985); MISS CAL 204, LTD. v. Upchurch, 465 So.2d 326 (Miss. 1985); Mississippi Power Company v. Jones, 369 So.2d 1381 (Miss. 1979). Whether the statute is ambiguous, or not, the ultimate goal of this Court in interpreting a statute is to discern and give effect to the legislative intent. Anderson v. Lambert, 494 So.2d 370, 372 (Miss. 1986); Clark v. State ex. rel Mississippi State Med. Ass'n., 381 So.2d 1046 (Miss. 1980).
The last paragraph of the statute which was amended by representatives from Adams County, where Natchez is located, provides only that a member have "served on active duty." The time of military service in relation to employment as a "member" is not set forth. No qualifying or limiting language in the paragraph attach to the word "member".
Natchez contends that the words "may have been absent" in other parts of the statute should also be read into the proviso pertaining only to Natchez and cites cases to the effect that statutes must be read as a whole and not in isolated parts in order to discern the legislative intent. McCaffrey's Food Mkt., Inc. v. Mississippi Milk Com'm, 227 So.2d 459, 463 (Miss. 1969); State v. Board of Supervisors of Warren County, 233 Miss. 240, 102 So.2d 198, 210 (1958).
However, the omission of language from a similar provision on a similar subject indicates that the legislature had a different intent in enacting the provisions, which it manifested by the omission of the language. Hazardous Waste Treatment Council v. United States E.P.A., 861 F.2d 270, 276 (D.C. Cir.1988); Pennsylvania v. Bigelow, 484 Pa. 476, 399 A.2d 392, 395 (1979); Clallam Co. v. Bd. of Clallam Cty. Com'rs., 92 Wash.2d 844, 601 P.2d 943, 946 (1979). Further, "the particular statutes dealing with a special and particular subject will control, as to the terms of the special subject, over the general statutes dealing with like subjects in a general way." McCaffrey's, 227 So.2d at 462. See also Rath v. Rath Packing Co., 257 Iowa 1277, 136 N.W.2d 410 (1965). "Where there are two conflicting provisions in the same statute, the last expression of the Legislature must prevail over the former." Warner v. Board of Trustees of Jackson Mun. Sep. School Dist., 359 So.2d 345, 347 (Miss. 1978) (quoting Coker v. Wilkinson, 142 Miss. 1, 106 So. 886, 887 (1926)).
We have been cited to only one case from another jurisdiction, which has interpreted a similar statute concerning a similar question. Its statute limited the credit for military service to service after the employment relationship had already begun. Regan v. Firemen's Relief & Pension Fund, 417 Pa. 573, 208 A.2d 844 (1965). However, *1090 the language in Regan provided that "such service [in said city] shall total twenty years, and shall include and may include service in the armed forces of the United States in times of war or active service." Id., 208 A.2d at 845 (quoting 53 P.S. § 23611). The language of the Pennsylvania statute is different from the Mississippi statute, which does not "include" the time of military service in the period of city service. We also note that the Mississippi statute with reference to retirement of state employees provides for time served in the active military.
We are of the opinion that the statute involved in the case at bar is unambiguous and that its plain meaning allows credit for all time served in the military up to four years, regardless of whether served before or after the employment began. Although the lower court found the statute ambiguous and, therefore, heard evidence, he correctly decided that, under the statute and the facts, Robert K. Sullivan was entitled to credit for four years he served in the military of the United States prior to becoming an officer of the City of Natchez.
The judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., PRATHER, SULLIVAN, and McRAE, JJ., concur.
BANKS, J., dissents with separate written opinion.
PITTMAN, J. not participating.
ROBERTS, J., not participating according to Internal Supreme Court rules.

APPENDIX A
§ 21-29-139. Retirement benefits.
If any member of said fire and/or police department who has been in paid fire and/or police department service for as long as twenty (20) years before making application hereinafter mentioned, the last ten years of which shall have been continuous in the city in which the application is made, shall make written application for retirement and relief, the board of disability and relief shall without medical examination of disability, retire him from active service in said fire and/or police department. Upon such retirement from active service said board of disability and relief shall order the payment to such retired member monthly form said fund a sum equal to fifty percentum (50%) of the average monthly base salary and longevity pay received as salary by such member in the six-month period next before the filing of such application in said fire and/or police department. Such payments shall thereafter be made to said retired member for life, such payment to be known as "retired relief."
Any member of the fire and/or police department who has been in paid fire and/or police department service for longer than twenty (20) years in a municipality, shall be entitled and shall receive additional retired relief payment for life in a sum equal to one and seven-tenths percent (1 7/10%) of the same average monthly base salary and longevity pay received by such member in the six-month period next preceding the filing of said application, for each full year of service in excess of twenty (20) years' service. However, no retired relief payment to any member shall exceed sixty-six and two-thirds percent (66 2/3) of the average monthly base salary and longevity pay received by a member for the six (6) month period next preceding the filing of said application.
The said board shall, when a member of the fire and/or police department reaches the age of sixty-five, retire him from active service in said fire and/or police department and order the payment of such funds as the member is entitled to hereunder.
Periods of time in which a member may have been inactive on account of physical or mental disability shall not be excluded in computing the twenty-year period and the ten-year period hereinbefore mentioned. Periods of time within which a member may have been absent form his employment while in active service of the Army or Navy of the United States, United States Marine Corps or the United States Coast Guard between September 16, 1940, and July 25, 1947, or while as a civil employee engaged by the Army and Navy while serving outside the continental United States shall not be excluded in computing the twenty (20) year period and the ten (10) year period hereinbefore mentioned, provided that the discharge or release of such member from the armed forces was under conditions other than dishonorable. Any member who has been retired or is *1091 voluntarily retired hereunder, or who has received relief or disability benefits hereunder, shall be required to perform such duties as then may be required of him.
Provided, however, in any city having a population of nineteen thousand (19,000) but less than twenty thousand (20,000), according to the 1970 census, the periods of time not exceeding four (4) years within which a member of the fire or police departments served on active duty in the Armed Forces of the United States, shall not be excluded in computing the twenty (20) year period and the ten (10) year period mentioned in this section.
SOURCES: Codes, 1942, § 3486; Laws 1940, ch. 287; 1970, ch. 512, § 1; 1974, ch. 475, § 2, eff. from and after passage (approved March 30, 1974).
Cross references 
Refund of contributions, see § 21-29-141.
Loss of relief or benefits being received upon attachment to another paid fire or police department, see § 21-29-143.
Death benefits where death results from discharge of duties after retirement, see § 21-29-145.
Provisions of social security and retirement and disability benefits, see §§ 25-11-3 et seq.
Research and Practice References 
60A Am Jur 2d, Pensions and Retirement Funds §§ 1643 et seq., 1692 et seq., 1711 et seq.
63A Am Jur 2d, Public Officers and Employees §§ 181, 182.
62 CJS, Municipal Corporations §§ 588g, 614g.
67 CJS, Officers and Public Employees §§ 243-249.
Annotations 
Disciplinary suspension of public employee as affecting computation of length of service for retirement or pension purposes. 6 ALR2d 506.
Constitutionality, construction, and application of statute or ordinance providing for reduction of pension or retirement benefit of public officer or employee because of independent income. 7 ALR2d 692.
Misconduct as affecting right to pension or retention of position in retirement system. 76 ALR2d 566.
BANKS, Justice, dissenting:
If ambiguity may be defined as admitting to more than one reasonable interpretation, then the statute here in question is ambiguous. If there is but one reasonable interpretation of the statute, I fear that it is not that approved by the majority. I therefore dissent.
The key to the correct interpretation of this statutory provision is, in my view, the language "member" and "shall not be excluded." Miss. Code Ann. § 21-29-139 (1972). I am persuaded most by the latter phrase. That language is in both the general portion of the statute in question and in the paragraph which is in the nature of local and private legislation for the City of Natchez. The general language refers to periods of time "within which a member may have been absent from his employment" for service in the armed services during World War II and provides that they "shall not be excluded." The amendment covering the City of Natchez provided for active duty service without the World War II limitation but with a limitation of four years.
Significantly, however, the statute provides that such service shall not be "excluded." I can think of no reason for providing that time shall not be excluded, unless ordinarily such time might be included. That is, a person employed as a policeman or fireman, who is on leave for military service, is an employee for the entire period, including military service. All of his time would be time in service, but for the fact that time on leave is excluded for absence *1092 or inactive status. The statutory scheme provides that time inactive for physical or mental disability or absent for certain military duty shall not be excluded. True the terms "inactive" and "absent" are not explicit in the Natchez part of the statute, creating the ambiguity, if any. The phrase "shall not be excluded" rather than "shall be included," or some other equivalent phrasing, is there however, and, in my view, it provides a clear road to an interpretation of the statute which would provide limited credit for absence due to active duty service without the World War II limitation.
The trial court concluded that the statute was ambiguous and proceeded to interpret it by relying on the affidavit testimony of one of the sponsoring legislators. The City responded with a counter-affidavit by another of the sponsors. The admission of this evidence was clear error. We decided more than a century and a half ago that such testimony is inadmissible.
Testimony to explain the motives which operated upon the law-makers, or to point out the objects they had in view, is wholly inadmissible. It would take from the statute law every semblance of certainty and make its character depend upon the varying and conflicting statements of witnesses.
Pagaud v. State, 15 Smedes and Marshall (13 Miss. 491, 497) (1845). The intent of legislation is to be ascertained "primarily from the language used in the statute." Russell v. State, 231 Miss 176, 94 So.2d 916 (1957) Recognizing this error, the majority, nevertheless, affirms by finding the statute unambiguous, but plainly conveying the interpretation reached by the trial court.
The majority distinguishes the decision reached by the Pennsylvania court in Regan v. Firemen's Relief & Pension Fund, 417 Pa. 573, 208 A.2d 844 (1965), construing language providing that total service "shall include and may include service in the armed forces ... in times of war or active service" to include only service during the period of city service. The majority notes that our statute does not use the word "include." In my view, as explained above, that fact leads to a conclusion opposite to that of the majority a fortiori.
The majority notes that our state retirement system for public employees provides for time served in the military. What the majority does not note is the different language used in the statutes so providing. Miss. Code Ann. §§ 25-11-109 and 25-13-17. The statutes for state employees and highway patrolmen both provide for "credit" for time served in the military. Neither uses the "shall not be excluded" phrase. On the other hand, the parallel statute dealing with municipal firemen and policemen also negates exclusion of time served in the military. Miss. Code Ann. § 21-29-245 (1972)[1]. The majority interpretation of the statute means that Natchez, unlike any other municipality in the state, is required to give credit for time served in the military prior to service with the city.
NOTES
[1] There are two provisions for retirement benefits for municipal policemen and firemen. One covers only Jackson, Greenville and Clarksdale and the other covers all other municipalities. Miss. Code Ann. §§ 25-29-201 et seq. and 25-29-101 et seq.