# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-00618-SCT

*WILLIE GRACE, JR.*

*v.*

*DEPARTMENT OF HUMAN SERVICES*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/24/95 |
| TRIAL JUDGE: | HON. FRANKLIN M. COLEMAN |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY COUNTY COURT |
| ATTORNEY FOR APPELLANT: | S BEAUCHAMP T JONES III |
| ATTORNEY FOR APPELLEE: | SYRIA HAYES STURDIVANT |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 2/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/4/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND MILLS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

¶1. Willie Grace, Jr., appeals the amount of a child support award granted by the County Court of Lauderdale County. The county court determined the amount based on Miss. Code Ann. § 49-19-101. The county court calculated Grace's adjusted gross income, then gave him credit for one child living in his home, readjusting the gross income from which child support should be based upon. From that amount, the county court judge calculated that the monthly child support should be 14 per cent of the new adjusted gross income (AGI) per month. Grace appeals this amount.

¶2. Grace assigns three alleged errors for this Court's review, two of which merit discussion. Grace contends that the lower court erred by not multiplying his AGI by the statutorily prescribed 22 per cent for three children and then dividing by the total number of children, rather than multiplying his income by 14% for one child due support. He further alleges that he should have been given credit for support of two children living in his home in addition to the child who was the subject of the lawsuit. Because we find that the lower court erred by not granting Grace credit for both children residing in his home, we reverse and remand for reconsideration of the award.

¶3. Johnnie Mae West, while married to Willie Andrew West, had a sexual relationship with Willie Grace, Jr., by which a child, Donovan, was conceived. Grace was also married. At the time, Grace and his wife had a daughter who was ten years of age. Almost immediately after Donovan was

conceived, Grace and his wife conceived a second child, Willie James Grace, III, born almost seven months after Donovan. West filed an application with the Department of Human Services (DHS) for child support services. DHS obtained West's right to bring a paternity action[1] and for collection of child support.

¶4. The trial court found that Grace was the natural father of West's child, Donovan. The court further found that Grace: (1) should pay child support based on an adjusted gross income of $30,473.55; (2) should receive credit for one child; (3) that with credit for one child, the adjusted gross income of Grace is $26,207.25; (4) that the monthly adjusted gross income of Grace is $2,183.94, and the monthly child support should be figured using the 14 per cent equaling $305. 75 per month.

¶5. Grace appeals this amount.

¶6. We have held that "the process of weighing evidence and arriving at an award of child support is a fact finding exercise which significantly restrains [our] review . . ." and that the trial judge's decision should "not be overturned . . . unless he was manifestly in error or manifestly abused his discretion . . . ." ***Dunn v. Dunn***, 609 So. 2d 1277, 1285 (Miss. 1992); ***see also Ferguson v. Ferguson***, 639 So. 2d 921, 933 (Miss. 1994).

¶7. Grace maintains that the lower court erred in its application of the child support award guidelines enumerated in Miss. Code Ann. § 43-19-101. In pertinent part that statute states:

### §43-19-101. Child support award guidelines.

(1) The following child support award guidelines shall be a rebuttable presumption in all judicial or administrative proceedings regarding the awarding or modifying of child support awards in this state:

Number of Children Percentage of Adjusted Gross Income

Due Support That Should Be Awarded For Support

1 14%

2 20%

3 22%

4 24%

5 or more 26%

(3) The amount of "adjusted gross income" as that term is used in subsection (1) of this section shall be calculated as follows:

(a) Determine gross income from all potential sources that may reasonably be expected to be available to the absent parent including but not limited to, the following: wages and salary income; income from self-employment; income from commissions; income from investments, including dividends, interest income and income on any trust account or property; absent

parent's portion of any joint income of both parents; workers' compensation disability, unemployment, annuity and retirement benefits, including an individual retirement account (IRA); any other payments made by any person, private entity, federal or state government or any unit of local government; alimony; any income earned from an interest in or from inherited property; any other form of earned income; and gross income shall exclude any monetary benefits derived from a second household, such as income of the absent parent's current spouse;

(b) Subtract the following legally mandated deductions

. . . .

(c) If the absent parent is subject to an existing court order for another child or children, subtract the amount of that court-ordered support;

(d) If the absent parent is also the parent of another child or other children residing with him, then the court may subtract an amount that it deems appropriate to account for the needs of said child or children;

(e) Compute the total annual amount of adjusted gross income based on paragraphs (a) through (d), then divide this amount by twelve (12) to obtain the monthly child support award.

Upon conclusion of the calculation of paragraphs (a) through (e), multiply the monthly amount of adjusted gross income by the appropriate percentage designated in subsection (1) to arrive at the amount of the monthly child support award.

¶8. This case boils down to the role Grace's children living with him play in the equation to determine the award of child support to Donovan's mother. Grace contends that the proper equation is to determine the AGI of Grace, multiply it by the percentage corresponding to the total number of children -- both inside and outside of his household family -- and divide that result by three. DHS argues that the percentage of Grace's income to be considered for the support of Donovan is 14 per cent or that which is delineated in the statute. DHS argues that under subsection (3)(d) the court may consider those children residing with Grace.

¶9. The ultimate goal of this Court in interpreting a statute is to ascertain and apply the Legislative intent, regardless of whether the statute is ambiguous or not. *City of Natchez v. Sullivan*, 612 So. 2d 1087, 1089 (Miss. 1992). In this instance, Subsection (1) offers a guideline for child support awards. It specifically states percentages of the AGI for the number of children due support. Those children living inside a parent's household are not "due" an award of child support. They are clearly being supported by the parent living in the household. This is especially true in this case as Grace testified that he had to make sure the children living with him got what they wanted. Multiplying the AGI by the total number of children inside and outside the supporting parent's house does not comport with the intent of the statute -- **awards** of child support. Furthermore, to divide the support "equally" as in Grace's proposed formula does not take into account the fact that the other two children live with the father, have the benefit of his presence in the household, and are likely to receive more than an equal share of the father's income. The Legislature has stated the percentage of the AGI for each child due support. These children are those not living within the obligor's home. The lower court was not manifestly wrong in determining that Donovan was entitled to 14% of Grace's AGI.

¶10. Alternatively, Grace asserts that the lower court erred because it did not give him credit for both children residing in his home pursuant to Miss. Code Ann. § 43-19-101(3)(d). He contends that if he had been divorced from his wife, the court would have presumably given credit for two children being supported by him as would have been reflected under Miss. Code Ann. § 43-19-101(3)(c). Grace argues that the lower court was in effect punishing him for knowing that he had to support the first child at home at the time he engaged in a sexual relationship with West and conceived the second of his three children. Grace maintains that this unjustly enriches the illegitimate child at the expense of the children living in Grace's home.

¶11. DHS contends that Grace's allegation that it was error for the trial judge to give him credit for one resident child rather than both has no merit. DHS argues that the amount and the number of children given credit for is purely discretionary. They note that in § 43-19-101 (3)(d) the legislature does not state that an amount should be subtracted per resident child. The instruction is simply to subtract an amount. In regards to Grace's analogy that if he had been divorced he would have gotten credit for both children, DHS argues that the statute specifically states when the absent parent is subject to an existing court order for another child or children, subtract the <u>amount</u> of that court ordered support.

¶12. This case presents a very sensitive situation, and an award of child support should be carefully analyzed. While Grace must be responsible for the consequences of his actions (the child born to the "other woman"), the Court does not want to punish the "first family" for Grace's sins, which in effect is what the lower court's ruling did.

¶13. The lower court reasoned that because there was one child born previously to the marriage and there was one child born subsequent to the illegitimate child, he would only be given credit for the first child. The county judge clearly has the authority to determine the award of child support as he or she sees fit. However, the reasoning in this instance is flawed. It does not take into account the innocent third child.

¶14. Subsection (3)(d) states, "[i]f the absent parent is also the parent of another child or other children residing with him, then the court may subtract an amount that it deems appropriate to account for the needs of said child or children." The statute does not limit the deduction to pre-existing children; therefore, children born after the children before the court but residing with the parent should be considered as a deduction by the lower court under Miss. Code Ann. § 43-19-101 (3)(d). The lower court erred in failing to give credit for both children living in Grace's home. This case is reversed and remanded for reconsideration of the award of child support.

¶15. **REVERSED AND REMANDED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. The paternity of Donovan is not an issue here.