HAWKINS, Chief Justice,
for the Court:
A petition was filed with the Youth Court of Forrest County on September 2, 1993, asserting that AB, a minor child, was delinquent. Specifically, the petition charged AB with acts which would have amounted to attempted aggravated assault had they been committed by an adult. AB did not contest the allegations made in the petition. The youth court entered an order directing that AB be placed with the Mississippi Department of Human Services, stating:
The Court notes that the minor respondent is a male child thirteen (13) years of age, having been born on March 31, 1980. Due to the age of the minor respondent and the seriousness of this offense, while recognizing that pursuant to Section 43-21-605 of the Youth Court Act, “The superintendent of a state training school may parole a child at any time he may deem in the best interest and welfare of such child,” this Court feels it is incumbent *581 upon the superintendent and/or administrator to furnish proof to this Court that the minor respondent, A.B. has been retained in the training school for a sufficient time to determine the general circumstances lying behind his misconduct and that he has been administered the appropriate rehabilitative measures and that overall goals remediating his delinquent behavior have been accomplished.
It is the opinion of this Court that positive behavior changes through the rehabilitative means offereed [sic] by the Department of Human Services training schools require a prolonged period of custody. Less that one (1) year under circumstances of this child’s case would be deemed inappropriate and not in the child’s best interest or welfare, nor for the protection of the community. Therefore, prior to the minor, A.B., being paroled, the superintendent and/or administrator of the training school shall furnish conclusive proof at a hearing, in the Youth Court’s discretion, that it is in the best interest and welfare of such child that he, A.B., be paroled.
The Mississippi Department of Human Services has appealed the decision of the youth court contending that the judgment imposed a determinative sentence in violation of Miss.Code Ann. § 43-21-605. We agree.
LAW
Section 43 — 21—605(l)(g)(iii) states that a delinquent youth may be placed in the custody of:
The Department of Human Services for placement in a state-supported training school, except that no child under the age of ten (10) years shall be committed to a state training school. The training school may retain custody of the child until the child’s twentieth birthday but no longer. The superintendent of a state training school may parole a child any time he may deem it in the best interest and welfare of such child. Twenty (20) days prior to such parole, the training school shall notify the committing court of the pending release. The youth court may then arrange subsequent placement after a reconvened disposition hearing except that the youth court may not recommit the child to the training school or any other secure facility without an adjudication of a new offense or probation or parole violation.[1] (Emphasis added.)
DHS contends that the order of the youth court conflicts with the statutory authority of the training school superintendent. A plain reading of the statute supports the department’s interpretation.
Although recognizing the authority of the superintendent, the order of the youth court appears to violate § 43-21-605 in no less than two ways. One, the order states that it would be inappropriate for AB to be released from custody in less than one year. This pronouncement totally ignores the authority vested in the superintendent to parole a child at “any time he may deem it in the best interest and welfare of the child.” Under the statute the decision regarding parole is totally within discretion of the superintendent. Two, the court’s order required that the superintendent provide the court with “conclusive proof’ that parole would be in AB’s best interest. Section 43-21-605, however, does not obligate the superintendent to make such a showing to-the court before parole.[2] Under the section, the court must be notified 20 days before the child’s pending release, but there is no requirement that the court approve said release beforehand.
Absent ambiguity, this Court will not attempt to construe the language of a statute. When the language is plain, it will be enforced as written. City of Natchez v. Sullivan, 612 So.2d 1087, 1089 (Miss.1992); Gentry v. Wallace, 606 So.2d 1117, 1122 (Miss. 1992). Section 43-21-605 is not ambiguous with regards to the authority of the superintendent to parole children.
*582 Section 43-23-17 is the analogous provision for family courts. It states in relevant part:
The superintendent of such institution, under such rules and regulations as trustees thereof shall prescribe, may discipline any child so committed and may parole him at any time he may deem it to be to the best interest and welfare of said child, with the approval of the court.
The omission of similar language concerning court approval from section 43-21-605 clearly demonstrates that the Legislature had a different intent when it enacted the youth court provision. Sullivan, 612 So.2d at 1089. This Court -will not second guess the legislature by reading such a requirement into the statute.
CONCLUSION
The order of the youth court was ultra vires. The clear language of § 43-21-605 indicates that decisions regarding parole of youths are to be decided by the superintendent of the state training facility. Given their qualifications and opportunities to observe the children, such persons are no doubt in the best position to determine when a child should be released on parole. Accordingly, the judgment of the youth court, insofar as it required approval by the youth court before AB was paroled, and to the extent that it required that he remain in custody for determinate period, is reversed.
REVERSED AND RENDERED.
PRATHER, P.J., and PITTMAN, BANKS and McRAE, JJ., concur.
SMITH, J., dissents with separate written opinion joined by DAN M. LEE, P.J., and SULLIVAN and JAMES L. ROBERTS, Jr., JJ.

. Although amended by the Legislature in 1994, the relevant portion of § 43-21-605 was not altered.

. Miss.Code Ann. § 43-21-605(3) states: Any institution or agency to which a child has been committed shall give to the youth court any information concerning the child as the youth court may at any time direct.