# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00418-SCT

*MISSISSIPPI DEPARTMENT OF
TRANSPORTATION*

*v.*

*LORI ALLRED*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/18/2005 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARTHA BOST STEGALL |
| ATTORNEY FOR APPELLEE: | JOHN BOOTH FARESE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 03/16/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.    Lori Allred ("Allred") presents this interlocutory appeal from the Circuit Court of

Union County. Allred is asking this Court to determine whether separate governmental entities

may be individually required to pay damages up to the statutory cap.

## FACTS AND PROCEDURAL HISTORY

¶2.    On April 19, 1997, Allred, along with passengers Dixie Medlin ("Medlin") and

Stephanie Windham ("Windham"), was involved in an automobile accident.    Allred's vehicle

was struck head-on by Stephen Yarborough ("Yarborough"), an employee of Delta State University, who was in the course and scope of his employment at the time of the accident.

¶3. Allred filed suit in the Circuit Court of Union County against the Mississippi Department of Transportation ("MDOT"), Delta State University and Yarborough alleging each negligently caused this accident. Allred claimed Yarborough was negligent in his operation of an automobile and that MDOT was guilty of negligence in maintaining the roadway, failure to warn and other negligence.

¶4. The Mississippi Institutions of Higher Learning ("IHL"), Yarborough and their insurer, Reliance Insurance Company, instigated an interpleader and declaratory judgment proceeding against Cliff Colbert Chevrolet, Medlin, Windham and Allred in Hinds County in order to determine the amount and extent of damages for which Delta State University and its employee were responsible under the Mississippi Tort Claims Act. This lawsuit was transferred to Union County and consolidated with Allred's action.

¶5. IHL, on behalf of Delta State University, interpled the sum of $50,000 into the court registry, equaling the liability cap applicable to the 1997 accident. The IHL believed $50,000 was all that was owed pursuant to the single occurrence language found in Miss. Code Ann. Section 11-46-15(1)(a). Allred, Medlin and Windham sought to have the statute interpreted to apply the limit as $50,000 "per person."

¶6. IHL filed a motion for summary judgment, which was granted by the Union County Circuit Court on behalf of IHL, Delta State University, Yarborough and Reliance Insurance Company. The trial court found the $50,000 statutory cap applied per occurrence. The three

2

claimants were not allowed to recover up to $50,000 each; rather, the $50,000 was to be divided among the three claimants. The claimants were also enjoined from taking any further legal action against the plaintiffs. The ruling of the trial court was upheld by this Court in *Allred v. Yarborough,* 843 So.2d 727 (Miss. 2003). This Court held that Mississippi is a "per occurrence" state, rather than a "per claimant" state and that the liability limit applies regardless of the number of persons injured by the governmental entity or its employee. *Id.* at 730. All claims were resolved in that appeal, except Allred's claim against MDOT.[1]

¶7. Following this Court's decision in *Allred*, MDOT moved for summary judgment, arguing that the $50,000 payment made by IHL satisfied the limitation of liability for all governmental entities, citing Miss. Code Ann. Section 11-46-15(1). The trial judge denied MDOT's motion for summary judgment, stating this was an apparent case of first impression for this state and that a question was presented as to whether the statute "contemplate[d] a cap per governmental entity or a true cap 'per occurrence' regardless of how many sovereign entities may be tortfeasors?" The trial court granted certification for an interlocutory appeal, and this Court granted an interlocutory appeal. *See* M.R.A.P. 5.

¶8. The question now before this Court is one of first impression: when multiple governmental defendants have been sued in "single occurrence" jurisdictions, such as Mississippi, does the limitation of liability provide for one maximum dollar amount of liability

---

[1]Allred's two passengers did not file suit against MDOT.

for a single tortious act, regardless of the number of governmental entities sued, or does the maximum dollar amount of liability apply separately to each governmental entity defendant?

¶9.     To answer this query, the Court must interpret Sections 11-46-1 through 11-46-23, commonly referred to as the Mississippi Tort Claims Act, and specifically Miss. Code Ann. Section 11-46-15(1), which states, in pertinent part:

> (1) In any claim or suit for damages against a governmental entity or its employee brought under the provisions of this chapter, the liability shall not exceed the following for all claims arising out of a single occurrence for all damages permitted under this chapter:
> (a) For claims or causes of action arising from acts or omissions occurring on or after July 1, 1993, but before July 1, 1997, the sum of Fifty Thousand Dollars ($50,000.00).

### DISCUSSION

¶10.    This is an interlocutory appeal from summary judgment based on a question of law and interpretation of a statute; therefore, the standard of review is de novo. ***Cooper v. Crabb,*** 587 So.2d 236, 239 (Miss. 1991).

¶11.    At issue is the interpretation of the Act. MDOT is asking this Court to determine that Miss. Code Ann. Section 11-46-15(1) precludes recovery against multiple governmental entity defendants, in excess of the maximum dollar amount of liability.  Allred argues that a phrase found in Section 11-46-15(1) supports the trial court's decision, and that this Court should interpret the phrase *a governmental entity or its employee* to be read only in the singular.

¶12.    In ***City of Natchez v. Sullivan,*** 612 So.2d 1087, 1089 (Miss. 1992), this Court held,

> In considering a statute passed by the Legislature, ...the first question a court should decide is whether the statute is ambiguous. If it is not ambiguous, the court should simply apply the statute according to its plain meaning and should

4

not use principles of statutory construction. [citations omitted]. Whether the statute is ambiguous or not, the ultimate goal of this Court is to discern and give effect to the legislative intent.

¶13.    The Mississippi Tort Claims Act was enacted by the Legislature to be the exclusive remedy against governmental entities and its employees for torts. Miss. Code Ann. § 11-46-7(1). In its Declaration of Legislative Intent, the Legislature stated:

> 1) The Legislature of the State of Mississippi finds and determines as a matter of public policy and does hereby declare, provide, enact and reenact that the "state" and its "political subdivisions," as such terms are defined in Section 11-46-1, are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity on account of any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract, including but not limited to libel, slander or defamation, by the state or its political subdivisions, or any such act, omission or breach by any employee of the state or its political subdivisions, notwithstanding that any such act, omission or breach constitutes or may be considered as the exercise or failure to exercise any duty, obligation or function of a governmental, proprietary, discretionary or ministerial nature and notwithstanding that such act, omission or breach may or may not arise out of any activity, transaction or service for which any fee, charge, cost or other consideration was received or expected to be received in exchange therefor.

Miss. Code Ann. § 11-46-3.

¶14.    "Whatever the Legislature says in the text of the statute is considered the best evidence of the legislative intent." *Pegram v. Bailey,* 708 So.2d 1307, 1314 (Miss. 1997) (quoting *McMillan v. Puckett,* 678 So.2d 652, 657 (Miss. 1996) (Banks, J., dissenting)). As we seek to interpret any act of the Legislature, we seek to determine its intent. In addition to Section 11-46-3, the Legislature, in its wisdom, has provided additional guidance through Title I, Chapter 3 of the Mississippi Code, entitled "Construction of Statutes."

5

¶15. Miss. Code Ann. Section 1-3-1, states, "[t]his chapter is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required by this chapter." Specifically pertinent in this case is Miss. Code Ann. Section 1-3-33 which states, "[w]ords used in the singular number only, either as descriptive of persons or things, shall extend to and embrace the plural number; and words used in the plural number shall extend to and embrace the singular number, except where a contrary intention is manifest."

¶16. The common maxim is that statutes *in pari materia* are to be construed together. When a statute is *in pari materia* with a later one, it is simply part of its context to be considered by the Court in deciding whether the meaning of a provision in the later statute is plain. *See* Rupert Cross, *Statutory Interpretation* 128, (1976). Applying Miss. Code Ann. Section 1-3-33 to an analysis of the Mississippi Tort Claims Act, it is abundantly clear that the Act fails to manifestly express a contrary intention, as required by Miss. Code Ann. Section 1-3-33. The Legislature had the opportunity to declare that the statute at issue was to be read only in the singular, but did not. Additionally, the Legislature did not manifestly express a contrary intention not to include plural language in its Declaration of Legislative Intent. Miss. Code Ann. § 11-46-3. The Legislature had the opportunity to manifest an intent that the statute should be read only in the singular; however, it is clear the Legislature did not do so. There being no ambiguity, the Court is bound to simply apply the statutes according to their plain meaning.

## CONCLUSION

6

¶17. It is the task of the Legislature and not this Court to make the laws of this state. In order to interpret legislative intent, this Court must first look to the statutes for guidance. Miss. Code Ann. Section 1-3-1, *et. seq.* Miss. Code Ann. Section 1-3-33, read *in pari materia* with the Mississippi Tort Claims Act, provides resolution of this matter. The language in Miss. Code Ann. Section 1-3-33 has been the law of this state since 1857. A thorough review of Section 1-3-33 and the Mississippi Tort Claims Act reveals the intent of the Legislature is clear and unambiguous; there was no contrary intent manifested by the Legislature that would lead this Court to believe the Mississippi Tort Claims Act should be interpreted only in the singular number.

¶18. It is our duty to interpret the statutes enacted by the Legislature, and to neither broaden nor restrict the legislative act. We therefore hold that Miss. Code Ann. Section 11-46-15(1) shall be interpreted by using singular or plural language.

¶19. The judgment of the trial court is reversed and the case is remanded to the trial court for entry of judgment consistent with this opinion.

**REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND DICKINSON, JJ., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**