Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

DEEL MOTORS, INC., d/b/a Deel Ford, and R. L. Nunn, Individually, Defendants-Appellees.

No. 72-2192.

United States Court of Appeals, Fifth Circuit.

March 27, 1973.

———◆———

Richard F. Schubert, Solicitor of Labor, Donald S. Shire, Carin Ann Clauss, U. S. Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Solicitor, Edwin G. Salyers, Atty., Dept. of Labor, Atlanta, Ga., Sylvia Ellison, U. S. Dept. of Labor, Washington, D. C., for plaintiff-appellant.

Donald B. Harden, Charles Kelso, Atlanta, Ga., for defendants-appellees.

Before GEWIN, SIMPSON and RO-NEY, Circuit Judges.

GEWIN, Circuit Judge:

In this action, the Secretary of Labor appeals from the judgment of the district court dismissing his claim for injunctive relief under § 17 of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (1971), against the appellees, Deel Motors, Inc. and its vice president, Robert L. Nunn. The basis for the claimed relief is the alleged failure of the appellees to pay overtime wages as required by the Act to certain of their employees. This is a test case and there appear to be no controlling precedents except cases dealing with the rules of statutory construction. After a careful examination of the facts and the legal arguments presented, we find that the lower court properly disposed of this case and therefore affirm.

The pertinent facts are undisputed and may be summarized with brevity. Appellee, Deel Motors, Inc., a Florida corporation, is a franchised automobile dealership engaged in selling new and used cars, automobile parts, and mechanical services. Appellee, Nunn, is a company vice president, responsible for implementing the company pay plans for its various employees.

Part of Deel's staff consists of four employees variously titled as "service writers", "service advisors", or "service salesmen." These service salesmen work directly with customers co-ordinating the sale of numerous goods, services, and mechanical skills provided by the appellees. The service salesmen diagnose each customer's problem with his automobile and then refer the car to an appropriate department within appellees' business operation for needed repairs or additional equipment desired. They monitor the work while in progress, keeping track of the parts or additions used, and then determine whether a satisfactory job has been done.

When the Secretary's investigation of Deel began, these salesmen were compensated by a weekly wage and a percentage commission on each service order written. Additionally, commissions termed "spiffs" were given service salesmen who sell certain products and services being promoted by the appellee Deel. Presently, pending outcome of this litigation, the salesmen are being paid on a straight commission basis plus "spiffs."

The Secretary contends that these employees fall within § 7 of the Act, 29 U. S.C. § 207 (1971), and are therefore entitled to overtime premium pay. However, the real dispute presented by this appeal is whether the general overtime premium pay requirements of § 7 are made inapplicable to the present fact situation by the exemption found in § 13(b)(10), 29 U.S.C. § 213(b)(10) of the F.L.S.A. This exemption from the general overtime premium pay provisions applies to:

> any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles . . . if employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles to the ultimate purchasers.[1]

---

1. Formerly § 13(a)(19) of the Act exempted "any employee of a retail or service establishment which is primarily engaged in the business of selling automobiles, trucks, or farm implements" from both minimum wage and overtime requirements. See, 29 U.S.C. § 213(a)(19) (1964).

We feel that the best interpretation of this section calls for the inclusion of these service salesmen within the scope of this exemption.

The Secretary contends that the overtime exemption is limited to salesmen of the vehicles, while appellees counter that such language encompasses all salesmen employed by an automobile dealership. Both parties have presented lengthy arguments as to the Congressional intent in the enactment of § 13(b)(10) leading to contradictory conclusions.[2] We feel that appellees have presented the better reasoned interpretation of the section and that a common sense interpretation and application of this exemption mandates inclusion of service salesmen within its scope.

First, there is no dispute of the fact that these four salesmen are "employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles to the ultimate pur-

chasers," as required by the last clause of § 13(b)(10). Second, these service salesmen are functionally similar to the mechanics and partsmen who service the automobiles. All three work as an integrated unit, performing the services necessary for the maintenance of the customer's automobile. The mechanic and partsman provide a specialized service with the service salesman co-ordinating these specialties. Each of these *service employees* receive a substantial part of their remuneration from commissions and therefore are more concerned with their total work product than with the hours performed.

§ 13(b)(10) exempts from the overtime pay requirements those employees of automobile dealerships who are "primarily engaged in selling or servicing" the vehicles. In the absence of clear intent to the contrary, we can not assume that Congress intended to treat employees with functionally similar posi-

2. As originally introduced in the House of Representatives § 13(a)(19), 29 U.S.C. § 213(a)(19)(1964), would have simply been repealed. See, H.R. 8259, 89th Cong., 1st Sess. (1965). However, during the hearings on the proposed amendments, Sam H. White, Chairman of the Governmental Relations Comm. of the National Association of Automobile Dealers, testified in opposition to the repeal of § 13(a)(19). (Hearings on H.R. 8259 before the Gen.Comm. on Education and Labor of the House Comm. on Education and Labor, 89th Cong., 1st Sess., Pt. 1, pp. 366–67 (1965). At the next session the House committee, after deliberation reported out H.R. 13712. This new bill contained an exemption, 13(b)(10), which included "any salesman, mechanic, or partsman employed by an establishment which is primarily engaged in the business of selling automobiles . . . to the ultimate purchaser." (H.R.Rept.No.1366, 89th Cong., 2d Sess., p. 71 (1966), U.S. Code Cong. & Admin.News 1966, p. 3002. H.R. 13712 was passed by the House on May 26, 1966 (112 Cong.Rec. 11653). The Senate Committee on Labor and Public Welfare rewrote Section 13(b)(10), restricting that exemption to "any salesman (other than partsman) or mechanic primarily engaged in selling or servicing automobiles, trailers, trucks, farm implements, or aircraft if employed by a non-

manufacturing establishment primarily engaged in the business of selling such vehicles to ultimate purchasers." (S. Rept. No. 1487, 89th Cong. 2d Sess. p. 62 (1968)). The Committee Report explained:

It is the intent of this exemption to exclude from the coverage of Section 7 *all mechanics and salesmen* . . . employed by an automobile . . . dealership. (at 31–32). Emphasis added.

The House refused to accept the Senate amendments and the conflicting versions were referred to a Conference Committee (112 Cong.Rec. 21228 (1966)) which reported § 13(b)(10) in its present form. The exemption was restored for partsmen of automobile dealers. The Conference Report explained:

The conference substitute conforms to the House provision regarding partsmen except that such exemption shall be available only to salesmen, partsmen and mechanics primarily engaged in selling or servicing such vehicles. (Conference Report No. 2004, 89th Cong., 2d Sess., p. 19 (1966), U.S.Code Cong. & Admin.News 1966, p. 3002. The Conference Report was accepted by the House on September 7, 1966, (112 Cong. Rec. 21949) and the Senate on September 14, 1966, (112 Cong.Rec. 22669).

tions differently, especially when the exemption by its own terms refers to "any salesman . . . engaged in selling or servicing automobiles . . ." This is exactly what a service salesman does. They promote and attempt to sell the goods and services provided by Deel. Their remuneration is substantially based on their success in these endeavors. They openly solicit business by telephone and through written circulars to prospective and past customers. Their hours may be irregular, depending on the special needs of their customers.

The intended scope of § 13(b)(10) is not entirely clear. Indeed, the Secre-

tary's own interpretation of the coverage of that section is not altogether consistent.[3] This court has previously recognized that this section "was not intended to be interpreted in the broad sense." See, Shultz v. Louisiana Trailer Sales, Inc., 428 F.2d 61, 66 (5th Cir. 1970). However, exemptions are "drawn to meet particular needs." The enactment of § 13(b)(10) was an implicit recognition by Congress of the incentive method of remuneration for salesmen, partsmen, and mechanics employed by an automobile dealership.[4]

The judgment of the district court is affirmed.

3. Initially, the Secretary held that § 13(b)(10), did exempt individuals with the duties of service salesmen. See, Wage-Hour Opinion Letter No. 630, July 6, 1967. ¶ 30,620 C.C.H.Lab.Law Rep. One month later the Administrator ruled that the exemption did not apply to employees "variously described as . . . "service salesmen" who are not themselves primarily engaged in the work of a salesman, partsman or mechanic." See Wage-Hour Opinion Letter No. 660, August 4, 1967, ¶ 30,652 CCH Lab.Law Rep. This opinion is now codified in 29 C.F.R. 779.-372(C)(4). (Supp.1972). After the depositions in this case were submitted, the Secretary attempted to voluntarily dismiss this action. We do not cite these actions as controlling but simply to show that the issue here is a close one and we feel that appellees have met their burden of persuading the court that their employees fall within the exemption. The letter seeking dismissal is as follows:

"January 21, 1972
Honorable Joe Eaton
United States District Judge
Post Office Box 4941
Miami, Florida 33101

Re: Hodgson v. Deel Motors, Inc., d/b/a Deel Ford and Robert L. Nunn
USDC SD Florida
Civil Action File No. 71-1283-Civ-JE

Dear Judge Eaton:
The evidence disclosed by the taking of depositions in this case has led us to the conclusion that we should no longer urge our position. Accordingly, we

would like to dismiss this case. We have discussed dismissal with counsel for the defendants in the hope that they would have no objection to a dismissal. To date, the defendants have not indicated either approval of or opposition to a dismissal. We assume that if the defendants oppose dismissal, the court will be advised of this opposition.
Respectfully,
Beverly R. Worrell
Regional Solicitor
Enclosure
cc: Mr. Donald B. Harden
Attorney at Law"

4. We find support for this interpretation that all salesmen of an automobile dealership fall within the exemption by Congressman Dent, the author of H.R. 13712, when he replied to his colleagues, concerning the Congressional intent by the inclusion of 13(b)(10). See, 112 Cong.Rec. 11289-11290 (1966). The following is a part of that exchange:

Mr. ANDREWS of North Dakota. . . I want to make sure that the intent of Congress is that those who are primarily retail dealers engaged in selling Ford and Chevrolet automobiles have this exemption for *their commission employees* such as parts men and salesmen and mechanics. (Emphasis added)
* * * * *
Mr. DENT. The answer is still "Yes" as far as I can tell. (Id. at 11290).
The exemption provided by 13(a)(19) was to be continued for salesmen and mechanics in recognition of the traditional incentive pay plans and irregular hours of such employees.