**Stanley E. DAYTON, Plaintiff,**

v.

**CORAL OLDSMOBILE, INC., Defendant.**

**No. 87–6290–CIV.**

United States District Court, S.D. Florida, N.D.

April 28, 1988.

Ronald T. Spann, Spann & Associates, P.A., Ft. Lauderdale, Fla., for plaintiff.

David T. Price, Price & Byrne, Ft. Lauderdale, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the court upon the Motions for Summary Judgment filed by both the plaintiff and defendant. This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA), to recover unpaid wages including overtime and commission compensation.

The sole issue presented in the motions for summary judgment is whether plaintiff Stanley Dayton is exempt from coverage under the FLSA. Pursuant to 29 U.S.C. § 213(b)(10)(A), the wage and hour requirements of the FLSA do not apply to "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles ... if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers...."

Defendant Coral Oldsmobile, Inc. submitted an affidavit of James Page, the president of Coral Oldsmobile. Mr. Page swore that at all times, Coral Oldsmobile was a "franchised Oldsmobile automobile dealership and is a non-manufacturing establishment primarily engaged in the business of selling automobiles to ultimate pur-chasers...." There is no dispute regarding the nature of the defendant's business.

The dispute presented in the motions is whether plaintiff was employed as a "partsman ... primarily engaged in selling or servicing automobiles...." 29 U.S.C. § 213(b)(10)(A). Stanley Dayton admits he was hired as a parts manager for Coral Oldsmobile. However, he claims that he performed a substantial amount of non-exempt work which removes him from the "partsman exemption" of § 213(b)(10)(A).

Plaintiff's affidavit submitted in connection with these motions lists numerous tasks he performed while employed as parts manager at Coral Oldsmobile. These tasks include general cleaning, typing and filing, inspecting skylights and air conditioners, and closing the various offices and departments for the night. Plaintiff contends that these activities were outside the scope of his job as parts manager. He claims these activities occupied 35 percent of his working day.

The defendant does not dispute plaintiff's allegations regarding the duties performed by the plaintiff. Instead, defendant contends that the tasks listed in plaintiff's affidavit are tasks normally required in the operation of the parts department. Even if the tasks are outside the normal duties of a partsman, plaintiff's affidavit clearly establishes that at least 65 percent of his time was involved in the operation of the parts department.

The court has considered the affidavit and deposition testimony of the plaintiff Stanley Dayton and the affidavit of James Page, president of Coral Oldsmobile. The evidence produced establishes that there is no genuine issue of material fact that the majority of work done by the plaintiff was done in connection with his job in the parts department.

Plaintiff testified in his deposition that 70 percent of his workday was spent dealing with customers. He testified that working with customers involved

> selling parts, taking orders over the phone from wholesale accounts, taking care of special orders, stocking them,

handling the paperwork at that end, and the shipping and receiving type duties, the basic housekeeping and overall mechanics of the [parts] department.

(Dayton deposition, p. 47, L. 10–15). Plaintiff also testified that although he was hired as parts manager he

found the largest part of [his] day was consumed by parts sales, stocking shelves, sweeping floors and *doing the tasks that would normally fall to parts employees,* not the manager of the department, *and I spent a great many hours involved in this.* It nowhere came near the salary that I was paid.

(Dayton deposition, p. 35, L. 14–21) (emphasis added). In addition, plaintiff testified that he spent five percent of his day ordering parts and another 10 percent checking invoices. (Dayton deposition, pp. 45–46). Nothing in plaintiff's testimony supported his claim that he performed a large amount of work for other departments. Plaintiff's major complaint seems to be that he was required to do the type of work done by parts employees, not the parts manager. There is no showing that plaintiff performed non-exempt work. The mere fact that he may have performed non-exempt work on occasion does not automatically make plaintiff a non-exempt employee. *Stein v. J.C. Penney Co.,* 557 F.Supp. 398 (W.D.Tenn.1983).

Furthermore, plaintiff testified that he was paid on a salary-plus-commission basis. This is important in determining whether the job performed was exempt from the FLSA. Employees who receive a substantial part of their remuneration from commissions "are more concerned with their total work product than with the hours performed." *Brennan v. Deel Motors, Inc.,* 475 F.2d 1095, 1097 (5th Cir.1973).

In sum, the court finds that there is no genuine issue of material fact regarding the nature of plaintiff's work. It is clear from the evidence submitted that plaintiff was primarily engaged as a partsman at Coral Oldsmobile. For that reason summary judgment must be entered in favor of defendant Coral Oldsmobile.

Count II of the complaint alleges breach of contract. The plaintiff announced his intention not to proceed with that count at his deposition. Accordingly, there are no issues before the court. In light of the discussion above, it is hereby

ORDERED AND ADJUDGED that the Motion for Summary Judgment of the plaintiff Stanley Dayton be and the same is DENIED. The Motion for Summary Judgment of the defendant Coral Oldsmobile be and the same is GRANTED. Judgment shall be entered against plaintiff Stanley Dayton and in favor of defendant Coral Oldsmobile, Inc.