Francisco A. Feliz *vs.* 128 Imports, Inc. No. 91-P-435. January 8, 1992. *Labor*, Wages. *Practice, Civil*, Summary judgment.

From 1987 to February, 1990, the plaintiff worked as a "service writer" for the defendant automobile dealership. The plaintiff worked from 7:30 A.M. to 5:30 P.M. Monday through Friday, one evening a week until 7:00 P.M., and every sixth Saturday from 8 A.M. until noon. In early February, 1990, the defendant's service manager asked the plaintiff to work a "service clinic" on Saturday, February 10. When the plaintiff asked how he would be paid for the "unscheduled" Saturday, the service manager told him not to worry about it. It was not until after the plaintiff worked the six-hour service clinic that the service director told him he would not be paid because he was "on salary." When the plaintiff refused to continue working more than forty hours a week without being paid, the service director fired him.

On April 24, 1990, the plaintiff filed this verified complaint "to recover . . . unpaid overtime compensation, . . . liquidated damages, costs, and reasonable attorney's fees" under the Federal Fair Labor Standards Act, see 29 U.S.C. §§ 201 et seq. (1988). On January 17, 1991, the defendant moved for summary judgment. Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). In support of its motion, the defendant filed a copy of an October, 1987, update to a Federal field operations handbook:

"Employees variously described as service writers, service advisors, service managers, or service salesmen whose primary duty is to record the condition of a vehicle and write up a report indicating the parts and mechanical work needed have been construed as within the exemption in [§ 213 (b) (10) (A)] by two appellate courts (Fifth and Sixth Circuits) and two district courts (in the Eighth and Tenth Circuits). Consequently, [the U.S. Department of Labor, Wage & Hour Division] will no longer deny the OT [overtime] exemption for such employees. This policy (that these employees are within the exemption) represents a change from the position in [29˙ C.F.R.] 779.372 (c) (4), which will be revised as soon as is practicable."

The defendant also submitted the affidavits of its service director and controller describing the plaintiff's duties and attesting to the plaintiff's receipt of sales commissions during his employment. The plaintiff opposed summary judgment with his verified complaint, *Pupecki* v. *James Madison Corp.*, 376 Mass. 212, 217 (1978), and with portions of his deposition describing his responsibilities and asserting that he received no sales commissions after December, 1988. On March 11, 1991, a Superior Court judge allowed the defendant's motion; judgment entered dismissing the plaintiff's complaint the following day. The plaintiff appeals.

Section 207 (a) (1) of 29 U.S.C. requires employers to pay time and a half for weekly work exceeding forty hours. Section 213 (b) (10) (A), however, exempts from overtime wages:

> "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles . . . if . . . employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles . . . to ultimate purchasers."[1]

In 1973, the Fifth Circuit Court of Appeals ruled that commissioned "service writers" who "work directly with customers co-ordinating the sale of numerous goods, services, and mechanical skills provided by [an automobile dealer,] . . . diagnose each customer's problem with his automobile and then refer the car to an appropriate department within [the dealer's] business operation for needed repairs or additional equipment[,] . . . monitor the work while in progress, keeping track of the parts or additions used, and then determine whether a satisfactory job has been done," were exempt from Federal overtime wage provisions. *Brennan* v. *Deel Motors, Inc.*, 475 F.2d 1095, 1096 (5th Cir. 1973). Noting that the issue was close, the court reasoned:

> "[T]hese service salesmen are functionally similar to the mechanics and partsmen who service the automobiles. All three work as an integrated unit, performing the services necessary for the maintenance of the customer's automobile. The mechanic and partsman provide a specialized service with the service salesman co-ordinating these specialities. Each of these *service employees* receive a substantial part of their remuneration from commissions and therefore are more concerned with their total work product than with the hours performed.
> "[Former § 213 (b) (10), see now § .213 (b) (10) (A)] exempts from the overtime pay requirements those employees of automobile dealerships who are 'primarily engaged in selling or servicing' the vehicles. In the absence of clear intent to the contrary, we can not

---

[1]It is undisputed that the defendant is a "nonmanufacturing establishment primarily engaged in the business of selling [automobiles] to ultimate purchasers." *Donovan* v. *Bereuter's, Inc.*, 704 F.2d 1034, 1036-1037 (8th Cir. 1983).

assume that Congress intended to treat employees with functionally similar positions differently, especially when the exemption by its own terms refers to 'any salesman . . . engaged in selling or servicing automobiles . . .' This is exactly what a service salesman does. They promote and attempt to sell the goods and services provided by [the dealer]. Their remuneration is substantially based on their success in these endeavors. They openly solicit business by telephone and through written circulars to prospective and past customers. Their hours may be irregular, depending on the special needs of their customers.

"The intended scope of [then § 213 (b) (10)] is not entirely clear. Indeed, the Secretary's own interpretation of the coverage of that section is not altogether consistent. This court has previously recognized that this section 'was not intended to be interpreted in the broad sense.' See *Schultz* v. *Louisiana Trailer Sales, Inc.*, 428 F.2d 61, 66 (5th Cir. 1970). However, exemptions are 'drawn to meet particular needs.' The enactment of [§ 213 (b) (10)] was an implicit recognition by Congress of the incentive method of remuneration for salesmen, partsmen, and mechanics employed by an automobile dealership."

*Brennan, supra* at 1097-1098 & n.3.

As the party moving for summary judgment, the defendant bore the burden of showing "that there [was] no genuine issue as to any material fact and that [it was] entitled to a judgment as a matter of law," *Madsen* v. *Erwin*, 395 Mass. 715, 719 (1985), quoting from Mass.R.Civ.P. 56(c); that is, that the plaintiff was exempt from overtime under *Brennan* v. *Deel Motors, Inc., supra. Dayton* v. *Coral Oldsmobile, Inc.*, 684 F. Supp. 290, 291 (S. D. Fla. 1988). This the dealer did. Affidavits of the service director and controller described the plaintiff as a commissioned service writer with duties similar to those of Deel Motors' service writers. The plaintiff, however, responded,[2] "set[ting] forth specific facts showing that there [was] a genuine issue for trial." *Madsen, supra,* quoting from Mass.R.Civ.P. 56(e). In particular, while the plaintiff admitted that he received "a [monthly] salary . . . and 1½ percent of the net profit paid in monthly commission[s]" from November, 1987, through December, 1988, he de-

---

[2]Citing *Puckett* v. *Commissioner of Correction*, 28 Mass. App. Ct. 448 (1990), the defendant objects to this court's consideration of those portions of the plaintiff's deposition filed in opposition to summary judgment, asserting that "information . . . put before the judge . . . must be in the form of an affidavit for it to be considered." Notwithstanding that rule 56(e) permits opposition to summary judgment "by affidavits, or as otherwise provided in this rule" (including by filed deposition), there is no indication that the defendant moved to strike the deposition filed by the plaintiff in opposition to the defendant's motion for summary judgment. In these circumstances, the plaintiff's deposition may properly be considered. See *Madsen* v. *Erwin*, 395 Mass. 715, 721 (1985), and cases cited.

nied receiving commissions after a substantial December, 1988, salary increase. In addition, the plaintiff's description of his duties varied significantly and critically from that given by the defendant. In particular, the plaintiff denied "coordinat[ing] the sale of services and providing mechanical skills by the technicians of [the defendant,] . . . diagnosing [automotive] problems . . . schedul[ing repairs] and refer[ring] the repair to the appropriate subdepartments of the Service Department, . . . monitor[ing] the work in progress, . . . coordinat[ing] the availability of parts and, as necessary, . . . order[ing] additional parts for work to be performed." As summary judgment "does not provide for 'trial by affidavit,' [to the contrary,] motions under the rule are to be denied whenever there is 'the slightest doubt' as to the facts," *Community Natl. Bank* v. *Dawes.* 369 Mass. 550, 555 (1976), and considering the Federal act's remedial purpose (exemptions must therefore be strictly construed — an employer claiming benefit of an exemption must bring its case within both the letter and spirit of the exemption, see *Schmidtke* v. *Conesa*, 141 F.2d 634, 635 [1st Cir. 1944]), the judge should have denied summary judgment to permit "further exploration of the significant facts and a decision . . . by a trier of fact who has heard and evaluated all relevant evidence." *Quincy Mut. Fire Ins. Co.* v. *Abernathy*, 393 Mass. 81, 86-88 (1984). See also *Flesner* v. *Technical Communications Corp.*, 410 Mass. 805, 809 (1991).

The judgment of the Superior Court is reversed and the case is remanded for further proceedings.

*So ordered.*

*Frederick T. Golder* for the plaintiff.
*John Connolly, Jr.*, for the defendant.