Agnes, A.J.
The plaintiff, Cynthia E. Levine, began working for the Town of Ayer School District on August 19, 1994. In May 1997, she was informed that she would not be reappointed as an IEP/Inclusion Coordinator for the 1997-98 school year. On July 5, 2000, she filed suit against the defendants and alleges intentional infliction of emotional distress, tortious interference with contractual relations, wrongful termination and defamation. The defendants have joined in filing a motion for summary judgment on grounds that the plaintiffs claims are time barred because her complaint was filed more than 3 years after she learned that she would not be reappointed to her position. The plaintiff counters that her verified complaint raises genuine issues of material fact about just when she learned of information that forms the basis of her dispute. For the reasons that follow, the defendants’ motion is ALLOWED.
DISCUSSION
The parties agree that the applicable statute of limitations in this case for all counts is three years. See G.L.c. 260, §2A. See also, Pagliuca v. City of Boston, 35 Mass.App.Ct. 820 (1994). The defendants maintain that the essential facts in this case are undisputed. The defendants point to evidence consisting of written notice dated May 29, 1997 to plaintiff *126 that her appointment would not be renewed for the 1997-98 school year from Heather Champigny, Pupil Personnel Director of the Town of Ayer Public Schools (Defendants’ Memorandum, exhibit B), an affidavit by Kevin O’Malley, Superintendent of Schools of the Town of Ayer stating that a certified letter was served on the plaintiff to the same effect on June 9, 1997 and that other administrators were directed to hand deliver similar letters to plaintiff on May 30, 1997 (Defendants’ Memorandum, exhibit C), and plaintiffs acknowledgment in her answer to an interrogatory that she received such notice on May 29, 1997 (Defendants’ Memorandum, exhibit D). With regard to plaintiffs allegations against Ms. Champigny, plaintiff s answers to interrogatories, a complete copy of which were by agreement of the parties made part of the record of this proceeding, are replete with references to allegedly tortious conduct by defendant Champigny against the plaintiff well before 1997. See Plaintiffs answer to Interrogatory Nos. 2, 3, 12, and 21.
The plaintiff counters by pointing to her verified complaint in which she states that she was employed by the defendant Town of Ayer School District from 1994 until September 1, 1997 (Verified Complaint, para. 2) and that she “was terminated with the school system in that she was not offered a contract for the school year starting in September 1997.” Verified Complaint, para. 5. Plaintiff also states that she first became of aware of.defendant Champigny’s "false allegations of purported dishonesty” about October 23, 1997. Verified Complaint, para. 6. Ordinarily, the question when a plaintiff knew that she had a cause of action is one of fact reserved for the trial. See Riley v. Presnell, 409 Mass. 239, 240 (1991). But in the unusual circumstances of this case, it is my assessment that there is no genuine issue of material fact.
“Summary judgment is a ‘device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.’ ” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983) (citations omitted). The function of a motion under Mass.R.Civ.P. 56, is to “pierce the boilerplate of the pleadings and assay the parties’ proof in an effort to determine whether trial is actually required.” Harris v. Harvard Pilgrim Health Care, Inc., 20 F.Supp.2d 143, 146-47 (D.Mass. 1998), citing McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995). Thus, summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c).
The moving party bears the burden of establishing the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once this is satisfied, the burden shifts to the party opposing summary judgment to allege specific facts establishing the existence of a genuine issue or issues of material fact. Id. In assessing whether each party has met its burden, the court is not permitted to weigh the evidence, to determine the credibility of any witnesses or make any findings of fact. Kelly v. Rossi, 395 Mass. 659, 663 (1985). Moreover, “[t]he evidence is ‘considered with an indulgence in the [opposing party’s] favor.’ ” Anthony’s Pier Four v. Crandall Dry Dock Engineering, Inc., 396 Mass. 818, 822 (1986), quoting National Ass’n of Gov’t Employees v. Central Broadcasting Corp., 379 Mass. 220, 231 (1979), cert. denied, 446 U.S. 935 (1980). However, “[a] complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial.” Kourouvacilis, supra at 711, citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
In determining whether there are genuine issues of material fact, the court may consider the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The party opposing summary judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). If the moving party does not bear the burden of proof at trial, it may demonstrate the absence of a genuine issue of material fact by submitting evidence that negates an essential element of the other party’s claim, or by showing that the other party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
Statements of fact set forth in a verified complaint are regarded as equivalent to facts set forth in an affidavit for purposes of Mass.R.Civ.P. 56(e). Godbout v. Cousins, 396 Mass. 254, 262 (1985); Pupecki v. James Madison Corp., 376 Mass. 212, 217 (1978). Ordinarily, if such statements are in conflict with material facts relied upon by the moving party, a classic case of a genuine dispute about the facts exists and the motion for summary judgment should be denied. Here, however, the plaintiff as the non-moving party has altered the factual position she established in her verified complaint. In her answers to interrogatories, the plaintiff acknowledges she was made aware, as early as May 29, 1997, that she would not be rehired for the 1997-98 school year. In her answers she further concedes that defendant Champigny was dishonest in her dealings with plaintiff as far back as the 1995-96 school year. The defendants corroborate those statements with letters and sworn statements of persons who provided the plaintiff in the spring of 1997 with notice that she would not be reappointed for the 1997-98 school year.
*127 When a plaintiff sets forth factual allegations in a verified complaint and later contradicts those allegations in her answers to interrogatories, and the defendants move for summary judgment relying on those answers to interrogatories along with additional factual material that is consistent with those answers to interrogatories, the plaintiff may no longer simply rest on the factual statements contained in her verified complaint. See Mass.R.Civ.P. 56(e). Contrast, Palermo v. Brennan, 41 Mass.App.Ct. 503 (1996) (plaintiffs affidavit indicating her cause of action was not time barred was followed by her deposition in which she at times indicated an awareness of her cause of action at a time that would render her claim time barred and at other times indicated she was unaware of it at the earlier time; held, that in such a case “to give dispositive weight to such isolated and vague evidence in deciding a motion for summary judgment is to engage in inappropriate fact finding”); Feliz v. 128 Imports, 31 Mass.App.Ct. 965, 967-68 (1992) (rescript) (plaintiffs verified complaint included some factual information used by defendants in support of their motion for summary judgment, but also contained other factual allegations that created a genuine issue of material fact).
The plaintiff had an opportunity to explain her apparent recantation or to clarify what appears to be a withdrawal of certain of her allegations. She elected not to do anything, and simply to rest on the claim that the allegations of her verified complaint are sufficient to withstand the defendants’ motion. The plaintiffs unequivocal, first-hand, post-complaint admissions have the effect of superceding the earlier and more general factual statements contained in her verified complaint with the result that there is no genuine dispute of material fact. See Mass.R.Civ.P. 56(e).[1] This result is in keeping with the principle that “summary judgment does not provide for trial by affidavit,” Community National Bank v. Dawes, 369 Mass. 550, 555 (1976), and simply represents an application of the equally fundamental principle that summary judgment is warranted when a party’s proof is “is woefully inadequate, and indicates that she has absolutely no competent evidence” to contradict the factual assertions offered by the moving party. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991).
This view is buttressed by the fact that the factual dispute that the plaintiff maintains exists in this case between the allegations in her verified complaint and the material offered by the defendants, including the plaintiffs answers to interrogatories, is one between generalized claims and specific facts. That is not sufficient to defeat a motion for summary judgment. “An affidavit [or a verified complaint] must set forth specific facts showing that there is a genuine issue for trial; bare assertions and conclusions . . . are not enough.” Polaroid Corp. v. Rollins, 416 Mass. 684, 696 (1993).
CONCLUSION
Accordingly, the defendants are entitled to summary judgment.
ORDER
For the above reasons, the defendants’ motion for summary judgment is ALLOWED.

 This result is in keeping with the trend to reject the use of eleventh-hour affidavits to manufacture a factual dispute that previously did not exist. See Spilios v. Cohen, 38 Mass.App.Ct. 338, 340 n.2 (1995). See also, Morrell v. Precise Engineering, Inc., 36 Mass.App.Ct. 935, 937 (1994) (‘The plaintiffs affidavit is not some sort of wand that can wave away the damage to his claim contained in testimony previously given at the deposition hearing”); O’Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905, 906 (1993) (“[A] party cannot create a disputed issue of fact by the expedient of contradicting by affidavit statements previously made under oath at a deposition”). The reasoning underlying such cases is that the claim by the non-moving party that there is a dispute of material facts is not genuine when it is made to rest on a last minute affidavit that contradicts the factual position taken up to that point by the non-moving party. Likewise, a general denial of knowledge set forth in a verified complaint that later is flatly contradicted by the party in her answers to interrogatories requires some sort of an explanation when the opposing party moves for summary judgment relying both on the other party’s answers to interrogatories and other discovery that is consistent with those answers. See also, Dulgarian v. Johnson, 2000 WL 1298810 (Mass. Superior 2000) (Giles, J.) (no genuine dispute of material fact created when in opposition to a motion for summary judgment by the defendant that rested in part on factual allegations contained in plaintiffs affidavit, plaintiff submitted an affidavit of an expert witness that contradicted her own factual statements).