Pierce, J.
This is an action brought by Ronald C. Becker (“Becker”), a farmer from upstate New York, to recover the purchase price of straw, oats, and hay sold to John Tamburo (‘Tamburo”) of Hopkinton, Massachusetts. In two separate complaints, originally filed in the small claims department of the Framingham District Court and subsequently transferred to the civil docket on February 24,2009, Becker alleged that Tamburo failed to pay $4,080.00 for goods sold and delivered in August and September, 2008. Tamburo answered that the products delivered by Becker were “tainted” and unusable; and that at all times relevant to the dispute, he was acting, not in his individual capacity, but as an agent of Silk Shadow Farm, LLC (“SSF”), a Massachusetts limited liability company.[1]
Tamburo’s motion to join SSF in the litigation was allowed on April 8, 2009. In motions dated April 13 and June 30, 2009, Becker stated that according to information provided by the Massachusetts Secretary of State, Attorney Marshall E Newman (“Attorney Newman”) was the registered agent for SSF; and that since Becker had mailed the original small claims complaints to Attorney Newman on January 28,2009, service of process had been made on SSF as of that date. Although SSF is listed on the trial court docket as a defendant, neither proof of service, nor any pleadings on behalf of SSF, were filed in the litigation. Neither Becker nor Tamburo ever amended their pleadings, or otherwise took any steps to assert claims against SSF.
On or about May 28, 2009, Becker filed a motion for summary judgment seeking to enforce a “valid settlement agreement” allegedly entered into on October 16,2008. In the motion, Becker refers to both Tamburo and SSF and appears to be seeking relief against both. Attached to the motion is a series of letters between counsel for the parties. The first, dated October 3, 2008, from Matthew Sgambettera (“Attorney Sgambettera”), an attorney for SSF, offered to settle the dispute with a payment by SSF to Becker of $648.40. Counsel for Becker, Shannon R. Becker (“Attorney Becker”), responded to Attorney Sgambettera on October 6,2008 with a demand for *273 $3,580.50. On October 10, 2008, Attorney Newman, acting on behalf of Tamburo, responded to Attorney Becker with a settlement offer of $2,868.60. On October 13, 2008, Attorney Becker wrote to Attorney Newman offering to settle for $3,368.60.
In an affidavit attached to the summary judgment motion, Attorney Becker stated that on October 16, 2008, she proposed to Attorney Sgambettera that her client was prepared to settle the matter for $3,268.60; and that at some unspecified time thereafter, Attorney Sgambettera telephoned back “that his clients [had] accepted [the] offer.” Attorney Becker also offered her own letter to Attorney Sgambettera dated October 20,2008, in which she attempted to confirm settlement in the amount of $3,268.60. Attached to that letter was a release of SSF, signed by Becker.
On June 17, 2009, Tamburo filed an opposition to Becker’s summary judgment motion that included the affidavit of Attorney Newman denying that there had ever been an agreement to settle the dispute. According to Newman, “[t]hough there were various proposals for settlement presented by both parties, there was never an agreement to settle this matter for $3,268.60 or for any other amount.”
Becker did not appear at the scheduled June 18, 2009 summary judgment hearing. “[A]fter reviewing all [documents] on the motion [without] oral argument,” the trial court denied the motion. On July 1, 2009, Becker moved for reconsideration, stating that counsel had contacted the court to ask that the motion “be taken on submission, to which the Court agreed.” Tamburo’s opposition to that motion again included Attorney Newman’s affidavit that no settlement had ever been reached between the parties.
At the September 10, 2009 hearing, with both parties present, the motion for reconsideration was allowed, and summary judgment was entered against Tamburo in the amount of $3,268.60. The trial court also sanctioned Becker in the amount of $300.00 for attorney’s fees incurred by Tamburo as a result of Becker’s failure to appear at the June 18, 2009 hearing. Also on September 10, 2009, the court entered an order reversing the allowance of Tamburo’s motion to add SSF to the litigation.
Tamburo moved for reconsideration, both as to summary judgment and the SSF ruling. On October 22, 2009, the court entered an order confirming both the allowance of summary judgment against Tamburo and the ruling that the action against SSF was “dismissed by the court on its own motion for lack of any action by the [attorneys] .’’This appeal followed.
On appeal, Tamburo contends that it was error for the trial court to have allowed summary judgment and to have denied the motion to add SSF to the litigation. Becker defends the summary judgment order, but takes issue with the sanction imposed for his failure to appear at the June 18, 2009 hearing.
1. The now familiar standard of review for a grant of summary judgment is whether, viewing the facts in the light most favorable to the nonmoving party, “there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.” Mass. R. Civ. R, Rule 56(c). See Taygeta Corp.v. Varian Assocs., Inc., 436 Mass. 217, 222 n.7 (2002). In ruling on a motion for summary judgment, the court should not pass on the weight of the evidence, nor should it conduct a “trial by affidavit.” Feliz v. 128 Imports, Inc., 31 Mass. App. Ct. 965, 968 (1992), quoting Community Nat'l Bank v. Dawes, 369 Mass. 550, 555 (1976). Any inferences which may be drawn from the facts alleged must be drawn in favor of the party opposing summary judgment. Davidson Pipe Supply Co. v. Johnson, 14 Mass. App. Ct. 518, 522 (1982).
*274 In this case, the moving party, Becker, relies on the affidavit of his counsel that a binding settlement agreement was reached between the parties. To begin, there is a question of fact as to whether Attorney Becker’s negotiations with Attorney Sgambettera ever could have resulted in a binding agreement with Tamburo, given that Sgambettera represented SSF and Attorney Newman represented Tamburo. Further, Becker’s request that we affirm the summary judgment against Tamburo is undercut by Becker’s own release, which relates, not to Tamburo, but rather to SSF. Finally, Attorney Newman’s affidavit in opposition to summary judgment states that there was no settlement “for $3,268.60 or for any other amount.” Because there are genuine issues of material fact, Becker was not entitled to summary judgment.
2. Tamburo’s motion to add SSF to the litigation was allowed without opposition on April 8, 2009. Thereafter, neither party filed amended pleadings or otherwise asserted claims against SSF. 'Ike docket does not reflect that proof of service of process was ever filed, as required by Mass. R. Civ. R, Rule 4(f), and SSF never filed any pleadings in the litigation. While Becker asked the court to resolve issues relating to SSF, it never applied for a default judgment or otherwise took any steps to establish SSF’s liability. Because no claims were ever asserted against SSF, the trial court properly removed SSF from the litigation.
3. Finally, Becker contends that the court erred in imposing a $300.00 sanction for his failure to attend the June 18,2009 hearing. We disagree. “Among a judge’s inherent powers is the authority to make the court’s lawful orders effective. Exercising this power, a judge may impose reasonable court costs on an attorney who ... delays ... adjudication ... and squanders limited judicial resources.” Commonwealth v. Rogers, 46 Mass. App. Ct. 109, 112 (1999), quoting Beit v. Probate & Family Ct. Dep’t, 385 Mass. 854, 859-860 (1982). Those powers “permit an assessment of the opponent’s counsel fees against the offending attorney.” Id. at 112 n.6. See also Ramsdell v. Doliber, 59 Mass. App. Ct. 446, 455 n.16 (2003). Both parties had notice of the hearing date. Becker was the moving party, and nothing in the record before us supports his assertion that his absence was excused. The sanction was an appropriate exercise of the court’s discretion.
Judgment for Becker and the Rule 56 order allowing summary judgment in his favor are vacated. The case is returned to the trial court for further proceedings, consistent with this opinion, on Becker’s claim against Tamburo. The court’s orders removing SSF from this action and imposing sanctions on Becker are affirmed.
So ordered.

 Tamburo also asserted counterclaims to recover costs incurred in transporting the goods back to Becker and for damages suffered as a result of Becker allegedly commencing a proceeding against Tamburo with a State of New York administrative agency. Those counterclaims are not at issue on this appeal.