MAXWELL, J.,
for the Court:
¶ 1. While the Federal Fair Labor Standards Act (FLSA) creates an entitlement to overtime wages, it exempts from that entitlement mechanics and partsmen for nonmanufacturing establishments like Old River Supply, Inc. — a business primarily engaged in selling Volvo trucks.[1] The appellants in this case concede they were either mechanics or partsmen for Old River. Yet despite what the exemption says, they insist — based legislative history and the FLSA’s undergirding social policy— they are entitled to overtime under the FLSA.
¶ 2. But when a statute is clear and unambiguous, we must apply the statute as written.[2] And applying the FLSA’s exemption to the undisputed facts, we agree with the lower court that the employees’ claim for overtime wages under the FLSA fails as a matter of law. Thus, we affirm the grant of summary judgment in Old River’s favor.
Background
¶ 3. Kevin M. Atkins, Michael Butler, Phillip Crapps, James Kelly Jr., Dennis Huff, and Bobbie Williams (“the employees”) are former employees of Old River. Old River is an authorized dealer of Volvo commercial trucks. In addition to selling trucks, Old River also services commercial trucks and trailers. The employees all worked as either mechanics or partsmen in the “trailer shop” — the service side of Old River’s business.
¶ 4. The employees claim that, even though they consistently worked- more than forty hours per week, they were only paid their regular hourly rate, never overtime. In November 2011, the employees sued Old River to recover overtime wages under the FLSA. The FLSA creates the right for “any one or more employees” to maintain an action “in any Federal or State court of competent jurisdiction.” 29 U.S.C. § 216(b) (2012). And here, the employees opted to file suit in the County Court of Rankin County.
¶ 5. Under the FLSA, an employer cannot employ an employee for more than forty hours a week unless it pays the employee overtime — at least equal to 150% of his regular rate — for the additional hours. 29 U.S.C. § 207(a)(1) (2012). The FLSA’s overtime entitlement, however, has many exceptions. See 29 U.S.C. § 207; 29 U.S.C. § 213 (2012).
¶ 6. Relevant to this case is the exemption of certain sales and service employees of car and truck dealerships. Under section 213(b)(10)(A), section 207’s overtime requirement “shall not apply” to “any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements,'if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers!.]” 29 U.S.C. § 213(b)(10)(A); see also 29 U.S.C.. § 213(b)(10)(B) (extending exemption also to “any salesman primarily engaged in *979 selling trailers, boats, or aircraft, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling trailers, boats, or aircraft to ultimate purchasers”).
¶ 7. Claiming the employees fell under this exemption, Old River moved for summary judgment. The facts surrounding the nature of Old River’s business and the employees’ work activities were not in dispute. The employees did not contest that Old River was a nonmanufacturing establishment with more than half of its gross sales coming through the sale of trucks to ultimate purchasers. See 29 U.S.C. § 213(b)(10)(A); 29 C.F.R. § 779.372(d) (2013) (interpreting “primarily engaged,” as applied to the employer, to mean “that over half of the establishment[’]s annual dollar volume of sales made or business done must come from sales of the enumerated vehicles”). And the employees admitted they were either mechanics or parts-men in Old River’s service department, who spent the majority of their time servicing trucks or requisitioning and dispensing parts to service trucks. See 29 U.S.C. § 213(b)(10)(A); 29 C.F.R. § 779.372(d) (interpreting “primarily engaged,” as applied to the employee, as meaning that “the major part or over 50 percent of the salesman’s, partsman’s, or mechanic’s time must be spent in selling or servicing the enumerated vehicles”).
8. “The determination of wheth-whethan employee falls within the scope of a FLSA exemption is ultimately a legal question.” Walton v. Greenbrier Ford, Inc., 370 F.3d 446, 450 (4th Cir.2004) (cit-(citIcicle Seafoods, Inc. v. Worthington, 475 U.S. 709, 713-14, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986)). And the county court found, as a matter of law, the employees fell under the FLSA’s dealership exemp-exempand, thus, had no claim for overtime. So the court granted summary judgment in favor of Old River. See M.R.C.P. 56(c) (directing the trial court to grant a motion for summary judgment when “there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law”).
¶ 9. The employees appealed to the Rankin County Circuit Court, which affirmed. The employees then further appealed to this court, which reviews the grant of summary judgment de novo. See Bradley v. Kelley Bros. Contractors, Inc., 117 So.3d 331, 336 (¶21) (Miss.Ct.App. 2013) (citing Titan Indem. Co. v. Estes, 825 So.2d 651, 654 (¶ 11) (Miss.2002)). But we must apply the statute as written. City of Natchez v. Sullivan, 612 So.2d 1087, 1089 (Miss.1992); see also Garcia-Carias v. Holder, 697 F.3d 257, 263 (5th Cir.2012). After review, we likewise reject the employees’ argument that the exemption should not apply.
Discussion
¶ 10. The sole issue on appeal is whether the employees were exempt from FLSA’s overtime entitlement based on section 213(b)(10). This exemption, like other FLSA exemptions, is “to be narrowly construed,” with “[t]he burden of proving the applicability of a claimed exemption” falling on the employer — in this case, Old River. Smith v. City of Jackson, 954 F.2d 296, 298 (5th Cir.1992) (citing Brennan v. Coming Glass Works, 417 U.S. 188, 196-97, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974)). We find Old River met its burden. Because the employees concede that they were either mechanics or partsmen primarily engaged in servicing trucks and that they were employed by Old River, a nonmanufacturing establishment primarily engaged in selling trucks to ultimate purchasers, the exemption applies. See 29 U.S.C. § 207(b)(10)(A).
*980 ¶ 11. Still, the employees ask us to take an additional step and look beyond the statute’s unambiguous language. They argue that, based on a federal regulation, the exemption requires the trucks serviced by the mechanics and partsmen be trucks sold by the dealership. They also claim that, based on legislative history, the exemption additionally requires the mechanics and partsmen be paid a commission. But we must apply the statute as clearly written. See City of Natchez, 612 So.2d at 1089; see also Garda-Carias, 697 F.3d at 263. For the following reasons we reject the employees’ argument that they should not be exempt.

I. Servicing-Trucks Requirement

¶ 12. According to the employees, because the exemption is for certain employees of truck dealerships, they had to have worked for the “dealership” — meaning Old River’s sales department — in order to be exempt. And because they worked exclusively in the “trailer shop” — the service department — they fall outside the exemption.
¶ 13. While the employees are correct that the exemption does not apply to each and every employee of a dealership,[3] it is clear the exemption is not just applicable to those employees who work in the sales department. By using the phrase “primarily engaged in the business of selling” when referring to the dealership, the exemption acknowledges that dealerships do more than just sell cars. 29 U.S.C. § 213(b)(10)(A). So what matters is that the dealership be primarily engaged in selling vehicles, and not simply selling vehicles to a limited extent. See Donovan v. Bereuter’s, Inc., 704 F.2d 1034, 1035 (8th Cir.1983).
¶ 14. And according to the Department of Labor’s interpretive regulation, employees do not have to work in the same department — or even building — where the trucks are being sold. Rather, “[t]he exemption is intended to apply to employment by such an establishment of the specified categories of employees even if they work in physically separate buildings or areas[.]” 29 C.F.R. § 779.372(b)(l)(ii). As “long as they are employed in a department which is functionally operated as part of the dealership,” the exemption applies. Id. Here, Old River operated its service department as part of its truck dealership. So while its work was performed in two separate buildings, Old River remained only one business. And because the business was “primarily engaged in the business of selling” trucks, Old River qualified for the exemption. 29 C.F.R. § 779.372(b)(1)(h), (d).
¶ 15. Further, by using the phrase “primarily engaged in selling or servicing” when referring to the salesmen, mechanics, and partsmen, the statute also encompasses employees who work exclusively in the service side of the business. 29 U.S.C. § 213(b)(10)(A) (emphasis added); Brennan v. Deel Motors, 475 F.2d 1095, 1097 (5th Cir.1973) (holding salesmen who do not sell cars but instead exclusively work in the service department fall under the exemption).[4] Thus, for the exemption to *981 apply, the salesmen, mechanics, or parts-men must be primarily involved in either selling or servicing vehicles.
¶ 16. This was the issue in McBeth v. Gabrielli Truck Sales, Ltd., 768 F.Supp.2d 383, 388 (E.D.N.Y.2010), a federal district court opinion from New York that the employees argue should control. In that case, the employee suing for overtime was a “partsman,” as defined by the Department of Labor. Id. (citing 29 C.F.R. § 779.372(c)(2)). But he was not primarily engaged in servicing trucks. Nor did he supply parts to the service department. Instead, he worked in a department of the truck dealership selling parts directly to consumers. Because the partsman neither sold nor serviced trucks for the dealership, he was not exempt. Id.
¶ 17. The employees here argue McBeth proves they are outside of the exemption because they, like the parts-man in McBeth, worked with customers who were not buying trucks. But McBeth actually hurts their argument, since it implies the partsman would have been exempt had he worked in the service department, like the employees did here. See id.
¶ 18. And McBeth does not hold that, to be excepted from overtime-pay requirements, the mechanics and partsmen must primarily service trucks that were initially sold by the dealership. Nor does the Department of Labor’s interpretive regulation support this logic. Under the regulation, for a salesman, mechanic, or partsman to meet the “primarily engaged” requirement, all that is required is that “the major part or over 50 percent of the salesman’s, partsman’s, or mechanic’s time must be spent in selling or servicing the enumerated vehicles.” 29 C.F.R. § 779.372(d) (interpreting 29 U.S.C. § 213(b)(10)).
¶ 19. Though the employees argue the term “enumerated vehicles” refers to vehicles actually sold by the dealership, undefined words in statutes must be given their ordinary meaning. Taniguchi v. Kan Pacific Saipan, Ltd., — U.S. —, 132 S.Ct. 1997, 2002, 182 L.Ed.2d 903 (2012). And the ordinary meaning of “enumerated” means “listed.”[5]
¶20. We find the obvious, reasonable interpretation of the phrase “enumerated vehicles” in the federal regulation means the types of vehicles listed in both the statute and regulation — automobiles, trucks, farm implements, trailers, boats, and aircraft. 29 U.S.C. § 213(b)(10); 29 C.F.R. § 779.372(c). Because the employees admit they spent more than fifty percent of their time servicing trucks, they met the exemption’s “primarily engaged *982 ... in selling or servicing” requirement. See 29 C.F.R. § 779.372(d).

II. No Commission Requirement

¶21. The employees concede neither the exemption nor the interpretive regulation says anything about requiring the salesmen, mechanics, or partsmen paid on commission to be exempt. But citing legislative history, they insist that commission or other incentive-baséd pay is a requirement of the exemption. Because the intent of section 213(b)(10) was to exempt salesmen, partsmen, and mechanics paid on commission, and because the employees were not paid on commission, they suggest the exemption does not apply.
¶ 22. However, “[t]he starting point for interpreting a statute is the language of the statute itself.” United States v. Kay, 359 F.3d 738, 742 (5th Cir.2004) (quoting Consumer Prod. Safety Comm’n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980)). And legislative history is only to be utilized when there is ambiguity in the statute. Id. at 743. Here, it seems plain enough that it is how the employee spends his time, not how he is remunerated, that controls whether the exemption applies. See Walton, 370 F.3d at 452-53 (rejecting employee’s argument that his job title should be given greater weight “than the duties he actually performed”); McBeth, 768 F.Supp.2d at 388 (holding “partsman” was not exempt because his job duties did not include servicing vehicles).
¶ 23. The employees cite Deel Motors, in which the United States Court of Appeals for the Fifth Circuit did delve into the legislative history of the dealership exemption. Deel Motors, 475 F.2d at 1097. But in that case, the court found an ambiguity regarding whether a service salesman (versus a vehicle salesman) fell within the intended group of exempt salesmen.[6] Since the legislative history indicated the exemption was intended to preserve “the traditional incentive pay plans and irregular hours” of salesmen and mechanics of dealerships, and because the salesman in question received incentive-based pay and worked irregular hours, the Fifth Circuit found the service salesman was exempt. Id. at 1098 & n. 4. Thus, in cases like Deel Motors where is it unclear if a salesman, partsman, or mechanic falls under the exemption, how the employee is páid and whether his work hours are regular or driven by volume have been factors courts have considered. See Walton, 370 F.3d at 450-51 (holding that service salesman paid weekly wage plus commission fell under exemption); McBeth, 768 F.Supp.2d at 388-90 (holding that partsman who worked regular retail hours in parts store that sold directly to customers did not fall under the exemption). But the Fifth Circuit and courts relying on Deel Motors have not gone so far as to say commission-based remuneration is a prerequisite of the exemption. Instead, it is merely an indicator the employee was intended to be exempt.
¶ 24. We are not faced here with the same ambiguity as in Deel Motors or McBeth. In fact there are no ambiguities in play. As discussed in section I, mechanics and partsmen who service trucks are clearly exempt. So we do not go beyond the language of the statute to the legislative history. Section 213(b)(10) is silent about how an employee is paid and the regularity of his hours. Compare 29 U.S.C. § 213(b)(10) with § 207(i) (carving out a separate exemption for commission- *983 based employees). Therefore, the fact that the employees were not paid a commission does not alter our finding that the exemption applies.
¶25. The employees contend this is unfair — that they should get either overtime or a commission. To work more than forty hours a week earning “straight time,” they claim, violates the spirit, though not the letter, of the FLSA. But it is not this court’s role to question if the exemption is good policy. Instead, our job is to enforce the exemption as clearly written. Because the employees were exempt under the FLSA from the entitlement to overtime, we affirm the grant of summary judgment in favor of their employer, Old River.
¶ 26. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR. GRIFFIS, P.J., NOT PARTICIPATING.

. 29 U.S.C. § 207(a)(1) (2012); 29 U.S.C. § 213(b)(10)(A) (2006).

. City of Natchez v. Sullivan, 612 So.2d 1087, 1089 (Miss.1992); see also Garcia-Carias v. Holder, 697 F.3d 257, 263 (5th Cir.2012).

. Old River concedes this point, which is why it paid one of the employees overtime before he became a partsman in the service department.

. The Secretary of Labor disagrees with the United States Court of Appeals for the Fifth Circuit and interprets the exemption' as being limited to "salesmen who sell and partsmen and mechanics who service vehicles.” 79 Fed.Reg. 18838 (April 5, 2011); see also 29 C.F.R. § 779.372(c)(1) (defining "salesman” as being limited to employees who sell vehicles). The Fourth Circuit has rejected this portion- of the interpretive regulation as unreasonably restrictive and inconsistent with the statute’s mandate. Walton, 370 F.3d at *981 452 (rejecting definition of "salesman” in 29 C.F.R. § 779.372(c)(1)); see also Thompson v. J.C. Billion, Inc., 368 Mont. 299, 294 P.3d 397, 402 (¶ 23) (2013) (holding that "[a] plain, grammatical reading of 29 U.S.C. § 213(b)(10)(A) makes clear that the term 'salesman' encompasses a broader category of employees than those only engaged in selling vehicles”). Instead, the Fourth Circuit follows the Fifth Circuit's interpretation — that the exemption applies to salesmen who are primarily engaged in servicing automobiles, trucks, or farm implements.
But neither the Secretary of Labor nor any court has taken the employees’ position — that the exemption is limited to partsmen and mechanics who work on vehicles sold by the dealership. In contrast to "salesman,” when defining "partsman” and "mechanic” for purposes of the statute, the interpretative regulation does not require these roles to be related to vehicle sales. Compare 29 C.F.R. § 779.372(c)(1) with 29 C.F.R. § 779.372(c)(2), (3).

. See American Heritage Dictionary of the English Language 616 (3d. ed.1992) (defining the verb "enumerate” as "[t]o count off or name one by one; list”).

. See note 4, supra, for a discussion of how the Secretary of Labor resolves this ambiguity differently than the Fifth Circuit.